[Cite as *State v. Mitchell*, 2025-Ohio-2712.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/ City of
Toledo

        Appellee

v.

Jesse Mitchell

        Appellant

Court of Appeals No. L-24-1275

Trial Court No. CRB2403105

**DECISION AND JUDGMENT**

Decided: August 1, 2025

* * * * *

Joseph Sobecki, for appellant.

Rebecca Facey, Prosecuting Attorney and
Jimmie L. Jones, Assistant Prosecutor, for appellee.

* * * * *

**ZMUDA, J.,**

### I. Introduction

{¶ 1} Appellant, Jesse Mitchell, appeals the Toledo Municipal Court's October 22, 2024 denial of his petition for postconviction relief. For the following reasons, we affirm the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} On April 11, 2024, appellant was charged with five counts of selling wild animals—namely, fish—taken from public waterways in violation of R.C. 1531.02. Each count is a fourth-degree misdemeanor. Appellant appeared before the trial court on May 7, 2024, and entered a not guilty plea to all five counts. On that same date, appellant's counsel filed a demand for discovery and for a jury trial. The matter was set for jury trial on July 29, 2024. The city of Toledo responded to appellant's discovery demand on June 7, 2024. The city provided the discovery documents through its file transfer protocol system ("FTP"). The city also provided supplemental discovery via FTP transfer on June 10, 2024.[1]

{¶ 3} The parties appeared for a pretrial hearing on June 20, 2024. At that hearing, the city noted that there were "a couple of documents that may not have been uploaded" to the FTP system. The city assured the trial court that it was going to "double check this afternoon and make sure that's taken care of." The city also referenced a plea offer that was extended to appellant and that the only remaining issue that day was to confirm the July 29, 2024 trial date. Appellant's counsel confirmed the accuracy of the city's statements without objection. Subsequent to the hearing, on June 24, 2024, the city uploaded additional discovery documents to the FTP system. Although it had done so with its previous

---

[1] We note a discrepancy in the parties' statement of facts regarding the dates of the city's disclosures. Appellant does not reference the initial June 7, 2024 disclosure while the city does not reference the June 21, 2024 disclosure. These discrepancies are irrelevant to our analysis as it is undisputed that the evidence at issue was disclosed on June 24, 2024.

2.

discovery production, the city did not expressly inform counsel that the supplemental documents had been uploaded.

{¶ 4} On July 29, 2024, prior to trial, appellant's counsel notified the trial court that the city allegedly failed to provide discovery in a timely manner. He argued that he had "just received discovery" and was not "able to ahead of time prepare any objection to the evidence the [city] intend[ed] to present."[2] The city noted its upload of documents on June 24, 2024, arguing that the documents had been in appellant's possession for "over a month." The trial court concluded that discovery was complete and that they would proceed to trial after a short recess.

{¶ 5} After the recess, the city informed the trial court that the parties had reached a plea agreement. The agreement would allow appellant to enter a no contest plea to two of the counts in exchange for the dismissal of the remaining counts. The city also informed the trial court that it would seek $10,175 in restitution at sentencing. Appellant's counsel agreed with the basic terms of the agreement but informed the trial court that there had been no agreement on restitution, and that he reserved the right to challenge that amount during sentencing. The trial court then accepted appellant's no contest plea to counts 3 and 4 of the complaint and proceeded to sentencing.

---

[2] Appellant did not make any motions, oral or written, seeking to suppress any of the discovery exchanged, to seek any other sanction for the state's alleged failure to disclose evidence, or to continue the trial.

3.

{¶ 6} During sentencing, appellant's counsel made no argument regarding the state's requested restitution, focusing solely on appellant's erroneous understanding of the law regarding the sale of fish caught in public waterways. The trial court then imposed a 30-day jail term, with all days suspended, and ordered appellant to serve two years on probation. The trial court then ordered appellant, without objection, to pay $10,175 in restitution to the Ohio Department of Natural Resources ("ODNR"). The trial court memorialized appellant's conviction in a judgment entry that same day. Appellant did not file a direct appeal of the trial court's judgment.

{¶ 7} On September 6, 2024, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. In the petition, appellant's counsel argued that the city withheld evidence related to the allegedly minimal value of the fish sold on the dates related to the charges on which he was convicted as compared to the $10,175 restitution award to ODNR. In his affidavit in support of the petition, counsel stated that the city's June 24, 2024 upload to the FTP system showed that appellant received "no more than $146 for the sale of fish on the days related to the charges on which he was convicted, far lower than the $10,175 restitution order."[3] Appellant, believing that restitution was limited to the amount received for the sale of the fish, argued that the restitution order could only have been higher than

---

[3] We note that since appellant personally received $146 total on the dates of the offenses, it is unlikely that he was not aware of this information, regardless of whether the state disclosed that evidence. Certainly, appellant could have introduced that evidence in his own defense.

4.

$146 if it improperly included sales related to the dismissed offenses.[4] He argued that the city's alleged withholding of the amount of the illegal sales on the dates related to the charges on which he was convicted precluded him from challenging the city's restitution request and violated his due process rights established under the 14th Amendment to the United States Constitution, as described in *Brady v. Maryland,* 373 U.S. 83 (1963).[5]

{¶ 8} The city, in response, argued that all documents related to the value of the fish sold was available to appellant and his counsel through the June 24, 2024 document uploaded to the FTP. That is, the city argued, the documents had not been withheld or suppressed but were readily available to appellant and his counsel more than 30 days before appellant entered his plea and was sentenced. The trial court found, relevant to this appeal, that the city did not suppress or withhold the discovery related to its restitution request, and denied appellant's petition for postconviction relief on October 22, 2024.

### III. Assignments of Error

{¶ 9} Appellant timely appealed and asserts the following errors for our review:

1. The trial court erred by finding that the defense must demonstrate reasonable diligence in order to establish that the state withheld and suppressed evidence.

2. The trial court erred by denying Mitchell's petition for post-conviction relief partly based on the holding that a *Brady* violation cannot occur during a change of plea hearing.

---

[4] We note that restitution for the illegal sale of wildlife is determined under a formula described in Ohio Adm.Code 1501.31-16-01 and is not based on the amount received through the illegal sale.

[5] Appellant made no other challenge to the amount of the restitution order.

3. The trial court erred by inferring that a *Brady* violation cannot occur during a sentencing hearing.

## IV. Law & Analysis

### a. Each of appellant's assigned errors is resolved through the same analysis on appeal.

{¶ 10} Appellant's petition for postconviction relief, the denial of which he appeals here, is premised on the city's alleged *Brady* violation—withholding evidence favorable to appellant prior to sentencing. In *Brady v. Maryland,* 373 U.S. 83 (1963), the United States Supreme Court held that it is a violation of the "Fourteenth Amendment to the United States Constitution" when the office prosecuting an offense "withholds evidence that is favorable to the defendant and material to the defendant's guilt or punishment." *State v. Bethel,* 2022-Ohio-783, ¶ 19. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the state, either willfully or inadvertently; and prejudice must have ensued." *Id.*, citing *Strickler v. Greene,* 527 U.S. 263 (1999). The defendant has the burden to show that the prosecutor committed a *Brady* violation. *State v. Pickens,* 2014-Ohio-5445, ¶ 102. A defendant's failure to satisfy any one of the *Brady* elements precludes the finding of a violation. *See State v. Barrow,* 2018-Ohio-1703, ¶ 26-27 (1st Dist.) (holding that the state did not commit a *Brady* violation, despite withholding evidence, since defendant could not show that the withholding of evidence was prejudicial).

6.

{¶ 11} Each of appellant's assigned errors challenges the trial court's denial of his petition for postconviction relief due to an improper application of the law as it relates to an alleged *Brady* violation. Specifically, appellant argues that the trial court erred by finding that he was obligated to exercise due diligence to discover the allegedly withheld evidence, and that the trial court erroneously held that a *Brady* violation could not occur during a plea hearing or at sentencing. Notably, these assigned errors only allege that the trial court erred in determining the impact of a *Brady* violation on the proceedings below. That is, appellant's assigned errors *presume* that the city committed a *Brady* violation and only allege that the trial court made errors of law in determining the consequence of that violation. Our analysis refutes this underlying presumption and, in turn, renders appellant's legal arguments moot. As a result, we address appellant's assignments of error jointly and find that the city did not commit the presumed *Brady* violation on which appellant's assigned errors are based.

### b. The trial court did not err in finding that the city did not withhold evidence.

{¶ 12} The trial court's judgment entry expressly found that the city did not withhold the evidence appellant argues was favorable to him—the second element defendant was required to satisfy in order to support his claimed *Brady* violation. *Bethel*

at ¶ 19. We limit our analysis to whether the record supports the trial court's conclusion that the city did not withhold evidence.[6]

{¶ 13} The record in this case reveals that the city provided discovery to appellant through its FTP system on at least three occasions—June 10, 2024, June 20, 2024, and June 24, 2024. It is undisputed that the evidence appellant argues the city withheld, related to the value of the fish sold, was contained in the city's June 24, 2024 upload. Appellant's counsel argues, however, that the evidence was withheld because the city did not expressly notify him of that upload. Appellant's argument that the city withheld this evidence by not notifying him that it was produced is without merit.

{¶ 14} First, appellant's counsel cites no authority requiring the city to provide any form of notification that it had produced relevant evidence. Further, this court could not locate any authority supporting counsel's argument. Put simply, we find no authority that requires a prosecutor to provide express notification that evidence has been produced, only that the evidence is produced. See *Bethel* at ¶ 25 ("[a] defendant is

---

[6] In his petition, appellant argued that the allegedly withheld evidence of the amount he received from the illegal sale of the fish was favorable to him and that its withholding was prejudicial. The state offered no response to these allegations, focusing solely on its argument that it had not withheld any evidence. While appellant's argument on appeal presumes that he satisfied these additional elements, our decision should not be construed as a finding that appellant satisfied these elements. Under the principle of party presentation, we only decide cases on the issues raised by the parties as the "neutral arbiter of matters the parties present." *Epcon Communities Franchising, LLC v. Wilcox Development Group, LLC,* 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. U.S.,* 554 U.S. 237 (2008). Since the city's alleged withholding of evidence is the only issue the parties address in this appeal, we address only that issue. *Id.*

8.

entitled to rely on the prosecution's duty to produce evidence that is favorable to the defense.").

{¶ 15} Second, counsel's affidavit in support of the petition for postconviction relief reveals that the city had indeed disclosed the allegedly withheld evidence on June 24, 2024.  In his affidavit, counsel stated the following:

> On July 29, 2024, during an off the record conversation before trial, the [city] referenced an audio file in which my client purportedly admitted to selling fish.  I had no idea what the [city] was talking about.  I did not remember listening to or reviewing any such audio file. I asked the [city] to provide the audio it was referencing.  The [city] did not provide the audio file and I perceived the [city]'s verbal response as a tantamount declaration that I had not properly reviewed documents in preparation for trial.
>
> As a result of the specific verbal exchange described above, I checked the FTP server again *following the day of trial.*  When I checked the FTP server, I identified numerous documents that had been uploaded on June 21, 2024, and June 24, 2024, after the [city]'s initial and sole discovery disclosure on June 10, 2024. Critically, the state did not make another discovery disclosure after June 10, 2024, either formally or informally.[7]

(Emphasis added).  Thus, in counsel's own statement, he affirms that the city had disclosed the allegedly withheld documents on June 24, 2024, expressly recognizing that the evidence had not been withheld.  Further, counsel's statement that he did not review the FTP again after the city's initial June 10, 2024 disclosure until the day *after* appellant entered his plea is troubling as he should have been expecting additional documents following the June 20, 2024 pretrial.  At that pretrial, the city informed counsel and the

---

[7] It is unclear what counsel believes would constitute "formal" or "informal" disclosure of evidence as all evidence was disclosed in the same manner through the FTP system.

9.

trial court that "there [are] a couple of documents that may not have been uploaded. So [the city] is going to double check this afternoon to make sure that that's taken care of." Counsel's affidavit offers no explanation as to why he did not check the FTP system again until the day *after* appellant entered his plea, despite knowing that additional documents could be uploaded after the June 20, 2024 pretrial.

{¶ 16} What we are left with, then, is the city's disclosure of the evidence it allegedly withheld to appellant more than 30 days prior to the scheduled trial. Counsel made no effort to review that evidence until after appellant entered a plea agreement, but then filed a petition for postconviction relief blaming the city for its alleged failure to disclose that purportedly favorable evidence. The record simply does not support appellant's counsel's argument that the city withheld any evidence in this case. Therefore, the trial court did not err in finding that appellant did not satisfy the second element necessary to show that the city committed a *Brady* violation. As a result, we find appellant's assigned errors, each of which is premised on a *Brady* violation that did not occur, not well-taken.

## V. Conclusion

{¶ 17} For these reasons, we find appellant's first, second, and third assignments of error not well-taken. The Toledo Municipal Court's October 22, 2024 denial of appellant's petition for postconviction relief is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | [[Applied Signature]] |
| --- | --- |
| | JUDGE |

| Gene A. Zmuda, J. | [[Applied Signature 2]] |
| --- | --- |
| | JUDGE |

| Charles E. Sulek, P.J. | [[Applied Signature 3]] |
| --- | --- |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.